2. EVIDENCE, § 76*—*when act or declaration part of res gestæ.* An act or declaration can only be considered as a part of the *res gestæ* when it illustrates, explains or interprets other parts of the transactions, of which it is itself a part.

3. EVIDENCE, § 444*—*when physician must base opinion upon objective symptoms.* A physician who has treated an injured person, but 3 years later makes an examination for the purpose of qualifying as an expert to testify as to the then condition of the patient, must base his opinion upon objective, not subjective, symptoms.

4. EVIDENCE, § 444*—*when physician may not testify as to subjective symptoms.* A physician who has not treated an injured person and makes an examination for the sole purpose of qualifying as a witness to the person's injuries may not testify as to subjective symptoms.

5. INSTRUCTIONS, § 88*—*what is an essential of instruction on preponderance of evidence.* An instruction on the preponderance of evidence in an action for personal injuries must have in it the element of the number of witnesses testifying on each side.

Elizabeth Russell, Appellee, v. Chicago City Railway Company, Appellant.

Gen. No. 23,797.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. JOSEPH SABATH, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed March 25, 1918.

Statement of the Case.

Action by Elizabeth Russell, plaintiff, against Chicago City Railway Company, defendant, to recover for personal injuries sustained as the result of the car in which plaintiff was riding colliding with the rear end of another of defendant's cars. From a judgment for plaintiff for $3,750, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

BUSBY, WEBER & MILLER, FRANKLIN B. HUSSEY and ARTHUR J. DONOVAN, for appellant; JOHN R. GUILLIAMS, of counsel.

JAMES C. McSHANE, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. INSTRUCTIONS, § 159*—*consideration as a whole.* Instructions should be read as a whole.

2. DAMAGES, § 205*—*when instruction on in action for personal injuries not misleading.* In an action for damages for personal injuries, an instruction that if defendant was found guilty it would be proper for the jury, in estimating the damages, to consider the nature, extent and duration of plaintiff's injuries and their effect upon plaintiff's ability to pursue her ordinary calling and to attend to her affairs generally, and any sum plaintiff had necessarily paid or had been obligated to pay for surgical and medical services, and bodily pain and suffering and any and all damages in so far as they were alleged in the declaration and shown by the evidence "to be the necessary and direct result of the injuries complained of," *held* not misleading.

3. APPEAL AND ERROR, § 1650*—*when instruction on damages in action for personal injuries not limiting damages to those charged not reversibly erroneous.* Even if an instruction, given at plaintiff's request in an action for damages for personal injuries, may have been misleading as conveying the idea that damages for injuries other than as alleged in the declaration were recoverable, it was not reversibly erroneous where another instruction given at the instance of defendant told the jury what injuries plaintiff could recover for and that injuries predating the accident or infirmities suffered prior thereto must not be taken into consideration by the jury in its assessment of damages.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.